

MANDATE

19-3570
*Greenberg v. State University Hospital – Downstate Medical Center*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> AMALYA L. KEARSE,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

---

ODED GREENBERG,

> *Plaintiff-Appellant*,

> v.                                                          19-3570

STATE UNIVERSITY HOSPITAL – DOWNSTATE MEDICAL CENTER, a/k/a The State University of New York Health Science Center at Brooklyn, a/k/a State University of New York Downstate Medical Center, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, KINGS COUNTY HOSPITAL CENTER, DEBORAH L. REEDE, STEVEN PULITZER,

> *Defendants-Appellees*,

UNITED UNIVERSITY PROFESSIONS, (UUP), SUNY DOWNSTATE MEDICAL CENTER CHAPTER OF UNITED UNIVERSITY PROFESSIONS, JOHN AND JANE DOES 1–20,

1

MANDATE ISSUED ON 03/31/2021

*Defendants.*[*]

| | |
|---|---|
| For Plaintiff-Appellant Oded Greenberg: | CHAD L. EDGAR, Cardi & Edgar LLP, New York, NY |
| For Defendants-Appellees State University Hospital – Downstate Medical Center, Deborah L. Reede, and Steven Pulitzer: | AMIT R. VORA, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Anisha S. Dasgupta, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY |
| For Defendants-Appellees New City Health and Hospitals Corporation, and Kings County Hospital Center | AMY MCCAMPHILL, Assistant Corporation Counsel (Jonathan A. Popolow, Richard P. Dearing, and Deborah A. Brenner, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY |

Appeal from an order of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellant Dr. Oded Greenberg ("Dr. Greenberg" or "Plaintiff") appeals from a September 29, 2019 memorandum and order of the United States District Court for the Eastern District of New York (Chen, *J.*) granting summary judgment in favor of Defendants-Appellees State University Hospital – Downstate Medical Center ("SUNY"), New York City Health and Hospitals Corporation ("HHC"), Kings County Hospital Center ("KCHC"), Dr. Deborah L. Reede ("Dr. Reede"), and Dr. Steven Pulitzer ("Dr. Pulitzer") (collectively, "Defendants"). On appeal, Dr. Greenberg contends that the district court erred in granting summary judgment in favor of Defendants as to his employment discrimination claims under Title VII of the Civil Rights Act of

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

2

1964 ("Title VII"), 42 U.S.C. § 2000 *et seq.*, and his interference and retaliation claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*[1]   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*       *       *

We review grants of summary judgment *de novo*, "construing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor." *Burns v. Martuscello*, 890 F.3d 77, 83 (2d Cir. 2018) (internal quotation marks omitted). Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).   "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"   *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 69 (2d Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## A.  FMLA Interference

The district court granted summary judgment to Defendants as to Dr. Greenberg's FMLA interference claim, holding that this claim fails because it sounds entirely in retaliation.   In the alternative, the district court held that Dr. Greenberg failed to establish a *prima facie* case of interference by not adducing evidence sufficient for a reasonable factfinder to conclude that he was denied a benefit to which he was entitled.   We affirm on the basis of the latter holding, and need not address the former.

---

[1]  Defendant-Appellee HHC argues on appeal that it does not qualify as Dr. Greenberg's "joint employer" under either Title VII or the FMLA.   Because we affirm the district court's decision on other grounds, we assume, without deciding, that HHC qualifies as a "joint employer" for purposes of Dr. Greenberg's claims.

The FMLA entitles eligible employees to twelve workweeks of unpaid leave per year "to care for [a] spouse, or a son, daughter, or parent . . . , if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). Under the FMLA, an employer may neither interfere with an employee's exercise of this entitlement nor retaliate against an employee for exercising this entitlement. *See Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 166 (2d Cir. 2017). This Court has explained the distinction between claims of "interference" and claims of "retaliation" under the FMLA as follows:

> In a general sense, an employee brings an "interference" claim when her employer has prevented or otherwise impeded the employee's ability to exercise rights under the FMLA. . . . "Retaliation" claims, on the other hand, involve an employee actually exercising her rights or opposing perceived unlawful conduct under the FMLA and then being subjected to some adverse employment action by the employer. . . . The two types of claims serve as *ex ante* and *ex post* protections for employees who seek to avail themselves of rights granted by the FMLA.

*Id.* (citations omitted). To establish a *prima facie* case of interference with FMLA rights, a plaintiff must demonstrate that: (1) "she is an eligible employee under the FMLA"; (2) "the defendant is an employer as defined by the FMLA"; (3) "she was entitled to take leave under the FMLA"; (4) "she gave notice to the defendant of her intention to take leave"; and (5) "she was denied benefits to which she was entitled under the FMLA." *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016).

Here, even assuming *arguendo* that Dr. Greenberg's interference claim is appropriately aimed at allegations concerning the *ex ante* denial of his request for FMLA leave, rather than allegations concerning the *ex post* adverse employment actions to which he was allegedly subjected for taking FMLA leave, we agree with the district court that Dr. Greenberg has not adduced evidence sufficient for a reasonable factfinder to conclude that he was denied a benefit to which he was entitled. Although it is disputed whether Dr. Greenberg asked Dr. Pulitzer to take

4

two days of FMLA leave in the first instance, it is undisputed that SUNY granted Dr. Greenberg the full amount of time he requested as "sick leave." App'x at 273–74; *see* 29 U.S.C. § 2612(d)(2)(B) (permitting an employer to "substitute any . . . accrued paid . . . medical or sick leave of the employee for leave provided under" the family-care provision of the statute). It is also undisputed that Dr. Greenberg was fully compensated for both days. We therefore conclude that the district court did not err in granting summary judgment to Defendants as to Dr. Greenberg's FMLA interference claim.

### B. FMLA Retaliation

The district court also granted the Defendants summary judgment as to Dr. Greenberg's FMLA retaliation claim, holding that: Dr. Greenberg failed to establish a *prima facie* case of retaliation under the FMLA because he could not show that he exercised rights protected by the FMLA, Defendants proffered a legitimate, non-discriminatory reason for terminating Dr. Greenberg's employment, and Dr. Greenberg failed to rebut Defendants' proffered explanation with evidence of pretext. We affirm on the last of these grounds.

We analyze FMLA retaliation claims under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *Graziadio*, 817 F.3d at 429. To establish a *prima facie* case of retaliation under the FMLA, a plaintiff must demonstrate that: (1) she "exercised rights protected under the FMLA"; (2) she "was qualified for [her] position"; (3) she "suffered an adverse employment action"; and (4) "the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004). However, Dr. Greenberg maintained that he did not take FMLA leave for September 4 and September 5 but actually took sick leave because of his back injury.

If the plaintiff makes out a *prima facie* case, "the defendant must demonstrate a legitimate, non-discriminatory reason for its actions." *Graziadio*, 817 F.3d at 429. "[T]he plaintiff must then show that [the] defendant's proffered explanation is pretextual." *Id.* The plaintiff may satisfy this burden "by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered" reason, *id.* at 430 (internal quotation marks omitted), or by providing evidence such that a reasonable factfinder could conclude that the prohibited reason was a "motivating factor" in the adverse employment action, *see Woods*, 864 F.3d at 168–69.

Here, Dr. Greenberg failed to show that Defendants' proffered justification for terminating his employment was a mere pretext. Defendants terminated Dr. Greenberg's employment because he attached inappropriate, unapproved attestations to the charts of over 180 KCHC patients. Dr. Greenberg does not demonstrate any weaknesses in this justification. *See Graziadio*, 817 F.3d at 430. To the contrary, the record overwhelmingly reflects that Dr. Greenberg's conduct was flagrant and that it exposed SUNY and KCHC to serious legal and financial liabilities. Indeed, the incident was so serious that KCHC's Chief Medical Officer and individuals within KCHC's Risk Management Department, who had no role in the denial of Dr. Greenberg's request for leave, instructed Dr. Pulitzer to consider convening a medical board hearing to revoke Dr. Greenberg's medical credentials altogether. Dr. Greenberg moreover fails to adduce evidence sufficient for a reasonable factfinder to conclude that his request for leave was a "motivating factor" in his termination. *Woods*, 864 F.3d at 168–69. Ultimately, on these facts, a reasonable factfinder could conclude only that Defendants terminated Dr. Greenberg's employment because of the attestation incident. *Cf. Sista v. CDC Ixis North Am., Inc.*, 445 F.3d 161, 175 (2d Cir. 2006) (noting that the "'FMLA is not a shield to protect employees from

6

legitimate disciplinary action by their employers if their performance is lacking in some manner unrelated to their FMLA leave'" (quoting *Geromanos v. Columbia Univ.*, 322 F. Supp. 2d 420, 429 (S.D.N.Y. 2004))). We therefore conclude that the district court did not err in granting summary judgment to Defendants on Dr. Greenberg's FMLA retaliation claim.

### C. Title VII

The district court held that Dr. Greenberg failed to establish *prima facie* discrimination claims because the circumstances surrounding Defendants' failure to promote him and their later decision to terminate his employment do not give rise to an inference of discrimination based on Dr. Greenberg's religion. Like the FMLA retaliation claim above, we examine Title VII employment discrimination claims under the burden-shifting framework set out in *McDonnell Douglas*, 411 U.S. at 802–04. Consequently, a Title VII plaintiff asserting discrimination must first present a *prima facie* case by establishing that: "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). The burden then shifts to the defendant to "rebut that showing by articulating a legitimate, non-discriminatory reason for the employment action." *Id.* "[T]he plaintiff must then come forward with evidence that the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination." *Id.*

We agree with the district court that Dr. Greenberg failed to adduce evidence from which a reasonable factfinder could infer discrimination. Plaintiff's discrimination claims rely wholly upon a declaration alleging that Dr. Reede made various disparaging remarks, including remarks disapproving of prayer meetings among Jewish physicians at work and suggesting she "wished she were Jewish" so she could take additional holidays. App'x at 815–16. For several reasons,

7

these alleged remarks alone are insufficient for Dr. Greenberg to establish that the circumstances give rise to an inference of discrimination. First, Dr. Reede made the alleged remarks at least six months prior to Defendants' failure to promote Dr. Greenberg and at least ten months prior to the termination of his employment. *See Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010) (instructing courts to consider "when [a] remark was made in relation to the employment decision at issue"). Second, Dr. Greenberg offers no evidence connecting the alleged remarks to any employment decisions that Dr. Reede made. *See id.* (instructing courts to consider "the context in which [a] remark was made" and "whether it was related to the decision-making process"). Third, Dr. Reede promoted several Jewish physicians during the relevant time period. *Cf. James v. N.Y. Racing Ass'n*, 233 F.3d 149, 152–53 (2d Cir. 2000) (declining to draw an inference of age discrimination where the employer hired two employees near the same age as the plaintiff during the relevant time period). Fourth, Dr. Reede renewed Dr. Greenberg's contract shortly before the alleged adverse employment actions, although she could have declined to do so without cause. *See Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 560 (2d Cir. 1997). Last, with respect to Dr. Greenberg's failure to promote claim, Dr. Greenberg does not otherwise raise an inference of discrimination based upon disparate treatment because he is not similarly situated in all material respects to the doctor who obtained the position in his stead. *See Graham v. Long Island R.R.*, 230 F.3d 34, 38–39 (2d Cir. 2000). We therefore conclude that the district court did not err in granting summary judgment to Defendants on Dr. Greenberg's Title VII claims averring discrimination based on his religion.

### D. State Law Claims

Because the district court properly dismissed Dr. Greenberg's federal claims, it did not abuse its discretion in declining to exercise supplemental jurisdiction over his remaining state law

8

claims.    *See N.Y. Mercantile Exch., Inc. v. IntercontinentalExchange, Inc.*, 497 F.3d 109, 119 (2d

Cir. 2007) ("In general, where the federal claims are dismissed before trial, the state claims should

be dismissed as well." (internal quotation marks omitted)).

*     *     *

We have considered Plaintiff's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit